FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/23/2021 10:46 AM
JAMIE SMITH
DISTRICT CLERK
B-207147

CAUSE NO. _____

| | | |
|---|---|---|
| **JASON M. BYRD** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **NEWREZ, LLC, d/b/a** | § | |
| **SHELLPOINT MORTGAGE** | § | |
| **SERVICING** | § | **_____ JUDICIAL DISTRICT** |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JASON M. BYRD, Plaintiff herein, and for causes of action against Defendant, NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, hereby states as follows:

**I.**

**Discovery Control Plan**

Plaintiff intends to conduct discovery under Level 3 pursuant to Texas Rule of Civil Procedure 190.4.

**II.**

**Parties**

Plaintiff, JASON M. BYRD, is a resident of Jefferson County, Texas.

Defendant, NEWREZ, LLC, d/b/a SHELLPOINT MORTGAGE SERVICING, (hereinafter referred to as "Shellpoint") is a Foreign corporation, with its principal place of business in Pennsylvania. This Defendant is registered with the Texas Secretary of State and may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701 via Certified United States Mail, Return Receipt Requested.

Copy from re:SearchTX

### III.

### Jurisdiction and Venue

Venue is proper in Jefferson County, Texas, because this is the County in which Plaintiff resides; the property that is mortgaged is located in Jefferson County; and, all or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred or were performed in Jefferson County.

Furthermore, for jurisdictional purposes, Plaintiffs affirmatively represent that they are seeking no amounts of damage greater than $75,000.00 excluding interest and costs.

### IV.

### Facts

Plaintiff, JASON M. BYRD is the owner of property located at 2585 Long, Beaumont, Jefferson County, Texas. Defendant, SHELLPOINT is the mortgage servicing company. SHELLPOINT purchased the mortgage sometime in 2020. Although Plaintiff timely paid the property taxes for 2019 SHELLPOINT has attempted to set up an escrow account. Plaintiff advised SHELLPOINT that the property taxes were paid and that an escrow account is not necessary. Plaintiff has paid the property taxes every year outside of an escrow account. Additionally, during the time that Shellpoint purchased the mortgage, the insurance on the property the subject of this lawsuit was up for renewal. The policy was renewed, but still reflected the prior lienholder as the Additional Insured. Plaintiff had the additional insured changed to properly reflect Shellpoint and provided same to Shellpoint. Shellpoint had secured a forced placed policy for wind coverage, even though Plaintiff had secured coverage on the property, in accordance with the loan

documents, that insured against the risk of windstorm along with other perils. Despite the fact that Plaintiff had the property properly insured, SHELLPOINT added the premiums for the force placed policy to Plaintiff's escrow account and thus increased the monthly payments. Plaintiff has continually and consecutively made timely loan payments on the mortgage. However, Shellpoint shows that the account is in arrears because of the escrow and force placed insurance premiums that were not necessary, were incurred by the Defendant Shellpoint, and should immediately be credited to Plaintiff's account. Further, Defendant continues to make negative reports to multiple credit bureaus alleging non-payment by Plaintiff, thereby hurting Plaintiff's credit, despite the fact that Plaintiff has at all times complied with the terms of the Deed of Trust.

## V.

## Cause of Action No. 1

### In the Alternative, Breach of Contract

Plaintiff seeks relief for Defendant's breach of contract. There is a contract between Plaintiff and Defendant prescribing the manner in which taxes and insurance will be paid, outside of escrow. Although Defendant has a right to force place a policy for insurance if not provided by Plaintiff, at all relevant times valid and in force insurance, including wind coverage, was in place. Defendant therefore had no right to force place a wind policy and certainly has no right to attempt to collect premiums from Plaintiff through an escrow account for that ill-gotten force placed policy. Defendant has breached that contract. By breaching the Deed of Trust, Defendant has lost the right to continue to attempt to collect these premiums and certainly is outside of its contractual rights of making negative credit reporting for alleged non-payment. Plaintiff sues Defendant for breach of

contract, seeking actual damages and attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

## VI.

### Cause of Action No. 2

### In the Alternative, Breach of Fiduciary Duty

In the alternative to the declaratory, statutory, and contract relief sought above, Plaintiff seeks relief because Defendant breached a fiduciary duty owed to Plaintiff. Defendant owed Plaintiff a fiduciary duty with respect to Defendant's handling of the mortgage account, credit report and wrongful force placement of a windstorm policy. Plaintiff seeks an accounting; disgorgement of profits earned by Defendant as a result of Defendant's breach of fiduciary duty; and a disgorgement of any sum that is claimed by Defendant as a fee or income earned by Defendant from sums paid by Plaintiff to Defendant in connection with Defendant's security interest in Plaintiff's property.

## VII.

### Cause of Action No. 3

### Violations of the Fair Debt Collection Practices Act

Plaintiff seeks relief for Defendant's violations of the Fair Debt Collection Practices Act. Defendant has violated the Fair Debt Collection Practices Act by misrepresenting and miscalculating the amount of the debt, adding additional fees to the debt that are unwarranted, and providing inaccurate and false information to the credit bureau. Plaintiff sues for damages in an amount in excess of the minimum jurisdictional limits of this court.

Copy from re:SearchTX

## X.

## **Prayer for Relief**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JASON M. BYRD, prays for judgment against Defendant, SECURITY NATIONAL MORTGAGE COMPANY as follows:

1. For all declaratory relief requested above;

2. Actual damages;

3. Consequential damages;

4. Statutory interest under the Texas Insurance Code;

5. An accounting;

6. Special damages, in the form of disgorgement of profits earned by Defendant as a result of Defendant's breach of fiduciary duty;

7. For all other relief and damages sought in the alternative;

8. For attorney fees;

9. For all costs of these proceedings;

10. For interest on the above items of damage as allowed by law and all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**THE BYRD LAW FIRM**

*[signature]*

_____
JASON M. BYRD
State Bar No. 24036303
448 Orleans Street
Beaumont, TX 77701
(409) 924-0660 – Telephone
(409) 924-0035 – Facsimile
Jason@txbyrd.com
COUNSEL FOR PLAINTIFFS

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*[signature]*

_____
JASON M. BYRD

Copy from re:SearchTX

```
                    RECEIPT FOR: FEES                              E-FILING
Cause No: B-0207147       Date:   2/24/21         Receipt No:   503750
  Style:  JASON M BYRD
       vs NEWREZ LLC

 Paid By: BYRD, JASON MICHAEL                                  P
  Amt Paid:      316.40 EFILE050811915-0   Bal Due:

   10.00      RECORDS MANAGEMENT         10.00    COURT RECORD PRESERVATIO
   10.00      RECORDS ARCHIVE FEE         5.00    SECURITY OF COURTS AND J
   50.00      COUNTY FILING FEE          40.00    JURY
   50.00      STATE FILING FEE
   10.00      LIBRARY FEE
   15.00      MEDIATION CENTER FEE
   15.00      STENO
    5.00      SECURITY FEE
   10.00      INDIGENT FEE
   42.00      JUDICIAL SUPPORT
    5.00      APPELLATE JUDICIAL SYSTE
   30.00      ELECTRONIC FILING FEE

                  JAMIE SMITH, CLERK DISTRICT COURTS
                       Jefferson County, Texas

                                     By: _____
  _____          ODBC               Deputy
```