| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **JASON M. BYRD,** | § |
| | § |
| *Plaintiff,* | § |
| | § |
| v. | §  **CIVIL ACTION NO. 1:21-CV-127** |
| | § |
| **NEWREZ, LLC, d/b/a SHELLPOINT** | § |
| **MORTGAGE SERVICING** | § |
| | § |
| *Defendant.* | § |

## ORDER ADOPTING REPORT AND RECCOMENDATION

On April 5, 2021, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management. This case was originally filed in the 60th Judicial District Court of Jefferson County, Texas. (Doc. No. 3). Defendant removed the case to this court based upon federal question jurisdiction. (Doc. No. 1). Pending before the court is Plaintiff's "Motion to Remand." (Doc. No. 10).

The court has received and considered the report (Doc. No. 13) of the magistrate judge, who recommended that the court grant the motion because Plaintiff dismissed his only federal claim and the statutory and common law factors weigh against retaining supplemental jurisdiction over the state law claims. (Doc. No. 13). Defendant filed an objection to the report and recommendation, arguing that the magistrate judge did not correctly apply the standards in determining whether to exercise supplemental jurisdiction over the state law claims. (Doc. No. 14).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those portions of the report to which the

party specifically objects. 28 U.S.C.§636(b)(1); FED.R.CIV.P.72(b)(3). "Frivolous, conclusive[,] or general objections need not be considered by the district court." *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

Defendant argues that the magistrate judge "misevaluate[d]" the appropriate standards the court uses to decide whether to retain supplemental jurisdiction over purely state law claims. (Doc. No. 14). As an initial matter, Defendant neither raised nor discussed any of these standards in its page-and-a-half response to Plaintiff's motion to remand. Thus, the court does not need to even consider its objection. *See Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (holding issues raised for the first time in objection to the magistrate judge's findings, conclusions and recommendations are not properly before the district court). In any event, Defendant fails to object or address the magistrate judge's analysis of the statutory factors in 28 U.S.C.§1367(c). Instead, Defendant's objection focuses on the magistrate judge "misstating" that the discovery deadline had not passed at the time he issued the report and recommendation. (Doc. No. 14). While it was close, the discovery deadline (October 8, 2021) had *not* passed at the time the magistrate judge issued the report and recommendation (October 7, 2021).[1] Regardless, Defendant has not elaborated how remand to state court would significantly protract completed discovery on claims that are governed purely by state substantive law in either jurisdiction.

After reviewing the record, the court concludes that the magistrate judge applied the correct

---

[1] The court expects far better attention to detail when counsel openly—and incorrectly—claims a judge of the court has committed a misstatement of fact.

standards and analysis. Defendant's objection is without merit.

It is, therefore, **ORDERED** that the report of the magistrate judge (Doc. No. 13) is **ADOPTED**, Defendant's objection is **OVERRULED**, Plaintiff's "Motion to Remand" (Doc. No. 10) is **GRANTED**, and this action is **REMANDED** to the 60th Judicial District Court of Jefferson County, Texas.

SIGNED at Beaumont, Texas, this 4th day of November, 2021.

                                 *Marcia A. Crone*
                                 MARCIA A. CRONE
                                 UNITED STATES DISTRICT JUDGE